# 890        CASES REPORTED WITH BRIEF SYLLABI.

The People of the State of New York ex rel. Central Auto Sales Company, Respondent, v. The Board of Assessors of the City of Utica, to wit, Philip C. Hammes and Others, and Another, Appellants.— Judgment and order affirmed, with costs. All concurred.

In the Matter of Proving the Last Will and Testament of Elizabeth H. Fowler, Late of the City of Geneva, Deceased.— Decree affirmed, with costs. All concurred; Robson, J., not sitting.

Martha Burmaster, Respondent, v. Pennsylvania Railroad Company, and New York, Chicago and St. Louis Railroad Company, Appellants.— Judgment and order affirmed, with costs. All concurred; Lambert, J., not sitting.

Anthony Horey, Respondent, v. International Railway Company and Crosstown Street Railway Company of Buffalo, Appellants.— Judgment and order affirmed, with costs. All concurred.

Chester J. Folsom, Jr., Appellant, v. Eva E. Collins, as Executrix, etc., of George Collins, Deceased, Respondent.— Judgment affirmed, with costs. All concurred.

Simon Augins, Respondent, v. Benjamin M. Ross, Appellant.—Judgment and order affirmed, with costs. All concurred.

Reverdy L. Hurd, as Trustee in Bankruptcy of the Estate of John B. Jones and Others, Copartners, Trading as the Genesee Banking Company, Bankrupts, Appellant, v. Anah A. Baldwin and Edward A. Rathbone, Respondents.— Judgment affirmed, with costs. All concurred.

Reverdy L. Hurd, as Trustee in Bankruptcy of the Estate of John B. Jones and Others, Copartners, Trading as the Genesee Banking Company, Bankrupts, Appellant, v. Anah A. Baldwin, Respondent.—Judgment affirmed, with costs. All concurred.

John C. Scheeler, Appellant, v. Casualty Company of America, Respondent.— Order affirmed, with costs. Held, that the questions as to whether the policy provides for forfeiture of plaintiff's claim for indemnity for failure to give notice of his disability in proper time (See *Carpenter* v. *German-American Ins. Co.*, 52 Hun, 249), or if delay in giving the notice prevents recovering for disability prior to the time the notice is given, recovery may, nevertheless, be had for twenty-six weeks of disability after formal notice was given (See *Whiteside* v. *North American Accident Ins. Co.*, 200 N. Y. 320, dissenting opinion by Haight, J.), not having been argued by counsel, are not determined. All concurred.

The People of the State of New York, Respondent, v. Simon Miller, Appellant.— Judgment of conviction and order affirmed. All concurred.

Gottfried Wittwer, Respondent, v. Louis L. Hurwitz and Another, Trading under the Name of Hurwitz Bros. Iron and Metal Company, Appellants.— Judgment and order affirmed, with costs. All concurred, except Lambert, J., who dissented; Merrell, J., not sitting.

William Lucas, Respondent, v. Benjamin D. Dodge, Appellant.— Judgment and order affirmed, with costs. All concurred.

Lewis G. Gridley, Appellant, v. Charles S. Stoddard, Respondent.— Judgment and order reversed and new trial granted, with costs to appellant to abide event. Held, *first*, that defendant failed to make out a